**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4824**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

BENJI CAPONE HARRIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:14-cr-00087-WO-1)

Submitted:  July 17, 2015              Decided:  July 29, 2015

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

EJ Hurst II, Durham, North Carolina, for Appellant.  Andrew Charles Cochran, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benji Capone Harris appeals his conviction and sentence after pleading guilty to possession with intent to distribute cocaine, possession with intent to distribute cocaine base, and possession of a firearm by a felon. Harris's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issues of whether trial counsel was ineffective for: (1) failing to object to a career offender enhancement when Harris's actual sentence for a prior drug trafficking offense was less than 12 months, and (2) failing to communicate more thoroughly with him. Harris was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"It is well established that a defendant may raise [a] claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance. Otherwise, [he] must raise [his] claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255." United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) (citation and internal quotation marks omitted). We have reviewed the record and conclude that it does not conclusively establish ineffective assistance of Harris's trial counsel, and his claims should be raised, if at all, in a § 2255 motion.

2

"[T]he qualification of a prior conviction [as a sentencing predicate] does not depend on the sentence [a defendant] actually received but on the maximum sentence permitted for his offense of conviction." United States v. Bercian-Flores, 786 F.3d 309, 316 (4th Cir. 2015) (citations and internal quotation marks omitted); see also United States v. Newbold, __ F.3d __, 2015 WL 3960906, at *6 (4th Cir. June 30, 2015); United States v. Valdovinos, 760 F.3d 322, 327 (4th Cir. 2014). Because Harris faced up to 14 months in prison on his prior drug offense based on the particular offense and his prior record level, the offense was a felony, and any objection would have been without merit. In addition, we find nothing in the record to support a claim that counsel did not adequately communicate with Harris.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED